IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

BONGO PRODUCTIONS, LLC, ROBERT BEINSTEIN, SANCTUARY PERFORMING ARTS, LLC, and KYE SAYERS,

Plaintiffs,

v.

CARTER LAWRENCE, Tennessee State Fire Marshal, in his official capacity, CHRISTOPHER BAINBRIDGE, Director of Codes Enforcement, in his official capacity, GLENN R. FUNK, District Attorney General for the 20th Judicial District, in his official capacity, and NEAL PINKSTON, District Attorney General for the 11th Judicial District, in his official capacity,

Defendants.

CIVIL ACTION
CASE NO. 3:21-cv-00490
JUDGE TRAUGER

---

## ANSWER
---

Defendants Carter Lawrence, Christopher Bainbridge, Glenn R. Funk, and Neal Pinkston, in their official capacities only, file their Answer to the Complaint in the above-captioned case as follows:

### INTRODUCTION

1. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

2. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations in this paragraph.

1

3. Defendants are without knowledge or information sufficient to form a belief regarding the allegations of the first sentence of this paragraph. The remaining allegations of this paragraph are denied.

4. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

5. Denied.

6. Admitted to the extent that the allegations assert Plaintiffs' stated purpose in bringing this action. Admitted that the Act's effective date was July 1, 2021. The remaining allegations in this paragraph are denied.

## JURISDICTION AND VENUE

7. Denied that this Court has jurisdiction over Plaintiffs' claim.

8. Admitted that Plaintiffs bring their claim under the statutes and rules stated in this paragraph. Denied that Plaintiffs state a valid claim in this case.

9. Admitted to the extent that the allegations of this paragraph provide that if this Court has subject-matter jurisdiction over this case, then venue would be proper in the Middle District.

## PARTIES

**Plaintiffs**

10. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

11. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

12. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.

13. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

14. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
15. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
16. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
17. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
18. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
19. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.
20. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.
21. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
22. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
23. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
24. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.
25. Defendants are without knowledge of information sufficient to form a belief regarding the allegations in this paragraph.

**Defendants**

26. The allegations of the first and third sentences of this paragraph are admitted. Defendants submit that the law speaks for itself with regard to the allegations of the second sentence of this paragraph.

27. The allegations of the first and third sentences of this paragraph are admitted. Defendants submit that the law speaks for itself with regard to the allegations of the second sentence of this paragraph.

28. The allegations of the first and fourth sentences of this paragraph are admitted. The allegations of the second sentence of this paragraph are denied. Defendants submit that the law speaks for itself with regard to the allegations of the third sentence of this paragraph.

29. The allegations of the first and fourth sentences of this paragraph are admitted. The allegations of the second sentence of this paragraph are denied. Defendants submit that the law speaks for itself with regard to the allegations of the third sentence of this paragraph.

## FACTUAL ALLEGATIONS

**Legislative History of H.B. 1182**

30. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

31. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

32. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

33. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

34. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

35. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

36. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

37. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

38. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

39. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

40. Defendants submit that the legislative history of the Act speaks for itself and deny Plaintiffs' characterizations.

41. Admitted that H.B. 1182 went into effect on July 1, 2021.

**Application of H.B. 1182 to Plaintiffs**

42. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in the first, second, and fourth sentences of this paragraph. The allegations of the third sentence of this paragraph are denied.

43. Defendants are without knowledge or information sufficient to form a belief regarding the first sentence of this paragraph. The allegations of the second sentence are denied.

44. Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph.

45. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

46. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

47. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

48. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

49. Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.

50. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

51. Defendants are without knowledge or information sufficient to form a belief regarding the allegations of this paragraph. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

52. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

53. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph. Defendants submit that the Act and its legislative history speaks for itself and deny Plaintiffs' characterizations.

54. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

55. Denied.

56. Defendants submit that the cited source speaks for itself and are without knowledge or information sufficient to form a belief as to the cited language.

57. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

58. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

59. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

60. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

61. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

62. Defendants submit that Tennessee's law speaks for itself and deny Plaintiffs' characterizations.

63. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

64. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations. Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.

65. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in the last sentence of this paragraph. Defendants submit that the cited bills and their legislative histories speak for themselves and deny Plaintiffs' characterizations.

66. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

67. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

68. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

69. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.

70. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.
71. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.
72. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.
73. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations. Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations of this paragraph.
74. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.
75. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations. Defendants are without knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.
76. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.
77. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.
78. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

**IRREPARABLE HARM AND INJUNCTIVE RELIEF**

79. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations.
80. Defendants submit that the Act and Tennessee law speak for themselves and deny Plaintiffs' characterizations.

81. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations. Defendants are without knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

82. Denied.

83. Denied.

## CLAIMS FOR RELIEF

84. Defendants incorporate the forgoing paragraphs by reference as if restated herein.

85. Denied.

86. Denied.

## REQUEST FOR RELIEF

87. [Plaintiffs' "Request for Relief" Paragraph A] Denied that Plaintiffs are entitled to any relief in this case.

88. [Plaintiffs' "Request for Relief" Paragraph B] Denied that Plaintiffs are entitled to any relief in this case.

89. [Plaintiffs' "Request for Relief" Paragraph C] Denied that Plaintiffs are entitled to any relief in this case.

90. [Plaintiffs' "Request for Relief" Paragraph D] Denied that Plaintiffs are entitled to any relief in this case.

91. **Any allegations not specifically referenced herein are hereby denied.**

## AFFIRMATIVE AND OTHER DEFENSES:

1. The Court lacks subject-matter jurisdiction over the claims asserted in Plaintiffs' Complaint.

2. Plaintiffs fail to state a claim for violation of their First Amendment rights.

3. Plaintiffs lack standing to maintain the claims raised in their Complaint.

4. Plaintiff's claims are barred in part or in their entirety because they are not yet ripe for review.

5. No act, omission, or law, policy, practice, or custom of State Defendants has deprived Plaintiffs of any rights secured by the United States Constitution.

6. Plaintiffs' claims are non-justiciable.

7. State Defendants are entitled to and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

8. State Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative defenses or averments which might become relevant as facts are discovered.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/*Alexander S. Rieger*
ALEXANDER S. RIEGER
Assistant Attorney General
Public Interest Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-2408
BPR No. 029362
Alex.rieger@ag.tn.gov

*/s/Rainey A. Lankford*
RAINEY A. LANKFORD
Assistant Attorney General
Civil Law Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 253-5808
BPR No. 036854
Rainey.Lankford@ag.tn.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing *Answer to Complaint* has been served on the following counsel of record through the Electronic Filing System on this 16th day of July, 2021:

Thomas H. Castelli
Stella Yarbrough
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 12160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org
syarbrough@aclu-tn.org

Rose Saxe
Emerson Sykes
American Civil Liberties Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004
Tel: (212) 549-2500
rsaxe@aclu.org
esykes@aclu.org

                                            /s/*Alexander S. Rieger*
                                            ALEXANDER S. RIEGER