UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Bongo Productions, LLC, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Carter Lawrence, Tennessee State Fire Marshal, *in his official capacity*, et al.,<br><br>*Defendants*. | Case No. 3:21-cv-00490<br>Judge Trauger |

**[PROPOSED] INITIAL CASE MANAGEMENT ORDER**

A. <u>JURISDICTION</u>: Plaintiffs contend that the court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); the First Amendment to the U.S. Constitution; and 42 U.S.C. § 1983. State Defendants contest jurisdiction for want of standing and on ripeness grounds. The parties agree that if the court has jurisdiction, venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2).

B. <u>BRIEF THEORIES OF THE PARTIES</u>:

**1) PLAINTIFF:**

Plaintiffs are Tennessee businesses, service providers, and owners with formal or informal policies allowing their transgender employees, customers, or clients to use the restrooms that accord with their identity. H.B. 1182 ("the Act") forces them to post a government-mandated warning sign with large red and yellow "NOTICE" text at the top, and boldface black block letters on a white background stating that "THIS FACILITY MAINTAINS A POLICY OF ALLOWING THE USE OF RESTROOMS BY EITHER BIOLOGICAL SEX, REGARDLESS OF THE

DESIGNATION ON THE RESTROOM." Plaintiffs object to this notice as offensive and potentially confusing, and do not wish to display it. The Act compels Plaintiffs to engage in unwanted controversial speech or risk six months in jail or a $500 fine.

Because the Act requires Plaintiffs to display speech that is hotly contested, controversial, and misleading, it is subject to strict scrutiny. *See, e.g.*, *Nat'l Inst. of Fam. Life Advocs. v. Becerra* (*NIFLA*), 138 S. Ct. 2361, 2371 (2018). Such content-based restrictions are "presumptively unconstitutional." *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015).

Mandating that businesses, and other entities open to the public, adopt and communicate the Tennessee General Assembly's viewpoint about transgender people cannot be justified by any legitimate governmental interest, let alone a compelling one. As this Court previously found in granting Plaintiffs' motion for a preliminary injunction, "there is simply no basis whatsoever for concluding that the Act is narrowly tailored to serve any compelling governmental purpose." Doc. 22 at 19. This Court also stated that while "strict scrutiny applies in this case, it also holds that the plaintiffs would have at least a meaningful likelihood of success under a lesser standard of First Amendment review." *Id.* at 26.

**2) DEFENDANT:**

As a threshold matter, State Defendants contend that this Court lacks jurisdiction over Plaintiffs' claim due to their failure to demonstrate Article III standing and because their claims are not yet ripe. Plaintiffs do not allege any impending or threatened enforcement of the challenged Act, and the statutory thirty-day cure period militates against a finding that Plaintiffs can demonstrate a particularized, concrete injury-in-fact sufficient to grant this Court jurisdiction over its claims as required by Article III of the United States Constitution. Likewise, as Plaintiffs have failed to allege any injury beyond potential future events that may not occur as they expect or may

not occur at all, Plaintiffs cannot adequately predict how the challenged Act would be enforced or the effect of its enforcement. This case thus lacks the factual development necessary for this Court to properly adjudicate Plaintiffs' claims.

On the merits, State Defendants contend that the challenged Act is fully constitutional. With regard to the First Amendment claim, the signage required by the Act is neither expressive nor ideological speech. Because the Act only requires accurate, non-ideological, and non-expressive speech, rational basis review is all that is required and that standard is easily satisfied by the State's interest in ensuring that patrons are accurately informed of the bathroom-use policy at facilities they frequent.

    C.    <u>ISSUES RESOLVED</u>:

        a. Venue, if jurisdiction is present;

        b. Plaintiff's Motion for Preliminary Injunction, although State Defendants contest the outcome;

    D.    <u>ISSUES STILL IN DISPUTE</u>:

        a. Jurisdiction

        b. Whether H.B. 1182 violates the First Amendment;

        c. Whether a Declaratory Judgment should be entered declaring H.B. 1182 unconstitutional;

        d. Whether a permanent injunction should be entered prohibiting Defendants from enforcing H.B. 1182;

        e. Whether Plaintiffs are entitled to costs and reasonable attorney's fees.

    E.    <u>RESPONSIVE PLEADINGS</u>: Defendants filed a responsive pleading to the Complaint on July 16, 2021.

    F.    <u>INITIAL DISCLOSURES</u>: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 17, 2021.**

G. DISCOVERY: The parties shall complete all written discovery and depose all fact and expert witnesses on or before **December 15, 2021.** Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

H. MOTIONS TO AMEND OR JOIN PARTIES: The parties shall file all Motions to Amend on or before **September 17, 2021**.

I. DISCLOSURE OF EXPERTS: The plaintiffs shall identify and disclose any expert witnesses and expert reports on or before **November 1, 2021**. The defendants shall identify and disclose any expert witnesses and reports on or before **November 15, 2021**.

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **January 14, 2021.**

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **January 31, 2021**. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. An optional reply brief may be filed within ten (10) days after the filing of the response. Briefs shall not exceed **35 pages**. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

L. ELECTRONIC DISCOVERY: The parties agree that the default standard contained in Administrative Order No. 174-1 shall apply to this case.

M. <u>TRIAL DATE</u>: The two-day bench trial is scheduled for _____. A pretrial conference is set for _____, at 1:30 p.m.

It is so **ORDERED**.

                                                                                          _____
                                                                                          ALETA A. TRAUGER
                                                                                         U.S. District Judge

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2021, a true and correct copy of the foregoing Proposed Initial Case Management Order was served on the Tennessee Attorney General's Office, counsel for all Defendants, via the Court's ECF/CM system.

    Alexander S. Rieger
    Rainey A. Lankford
    Office of the Attorney General and Reporter
    P.O. Box 20207
    Nashville, Tennessee 37202-0207
    Alex.rieger@ag.tn.gov
    Rainey.lankford@ag.tn.gov

                                              */s/ Thomas H. Castelli*
                                              Thomas H. Castelli