# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BONGO PRODUCTIONS, LLC, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civ. Action |
| | ) No. 3:21-cv-490 |
| | ) Judge Trauger |
| CARTER LAWRENCE, et al., | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Plaintiffs Bongo Productions, Inc. and Robert Bernstein move for summary judgment on all counts to be entered against Defendants, Carter Lawrence, in his official capacity as Tennessee State Fire Marshall; Christopher Bainbridge, in his official capacity as Director of Codes Enforcement; Glenn R. Funk, in his official capacity as District Attorney General for the 20th Judicial District; and Neal Pinkston, in his official capacity as District Attorney General for the 11th district.

In support of their Motion, Plaintiffs contemporaneously file a memorandum of law, statement of undisputed facts, and declaration of Malita Picasso, counsel for Plaintiffs, with exhibits. Plaintiffs state in support of their Motion as follows:

1. Plaintiffs are Tennessee businesses and service providers with formal or informal policies allowing their transgender employees, customers, or clients to use the public restrooms that accord with their identity.

2. Tennessee Code Annotated § 68-120-120 ("the Act") forces Plaintiffs' businesses to post a warning sign. The sign must appear with large red and yellow "NOTICE" text at the top, and boldface black block letters on a white background stating that "THIS FACILITY MAINTAINS A POLICY OF ALLOWING THE USE OF RESTROOMS BY EITHER BIOLOGICAL SEX, REGARDLESS OF THE DESIGNATION ON THE RESTROOM."

3. Under the Act, "[i]f any entity or business is notified that it is not in compliance with this section, the entity or business has thirty (30) days in which to comply before any action is taken against the entity or business." Tenn. Code Ann. §68-120-120(c).

4. If Plaintiffs do not erect the Act's required notice after notification that they are not in compliance, they face up to six months imprisonment and/or a fine of up to $500, as well as other enforcement actions or civil penalties under Title 68, Chapter 120.

5. The legislature's viewpoint about sex, as expressed in the Act, is controversial and offensive.

    a. "Biological sex" is a highly controversial term regularly used by those who oppose and seek to restrict and eliminate the legal recognition and protection of transgender people. Plaintiffs have demonstrated that its uses within the fields of science and medicine reflect differing and inconsistent interpretations.

    b. The Act's legislative history also belies the fact that the Act was intended to stigmatize transgender people and target businesses that permit transgender people to use the bathroom that accords with their gender identity.

6. The Act's compelled message creates confusion and presents fundamental problems of enforceability.

    a. As worded, the Act's message implies that anyone could use Plaintiffs' sex-designated restrooms—the very "issue" the Act purports to address.

    b. Moreover, Plaintiffs have no way to verify anyone's "biological sex," nor do they wish to undertake the type of invasion into their customers', employees' or clients' privacy that is inherent to such a task.

7. Defendants have not advanced a compelling interest in requiring Plaintiffs to post the Act's required message, nor have Defendants shown that the Act is narrowly tailored to further that interest.

    a. Defendants have failed to provide evidence that allowing transgender people to use the bathroom that aligns with their gender identity impedes the level of privacy, comfort, and safety that a patron would otherwise expect.

    b. As stated above, the Act's message implies that anyone could use Plaintiffs' sex-designated restrooms—the very "issue" the Act purports to address.

8. Moreover, the Act does not even bear a rational relationship to a legitimate government purpose.

    a. The Act only requires disclosure of certain bathroom policies: those the legislature does not agree with. All other entities do not have to disclose their bathroom policies to their patrons.

    b. Defendants have failed to show that the requirement of the use of red and yellow "NOTICE" text and boldface, black block letters—clearly meant to alarm the viewer—rationally furthers its interest.

9. Based on the undisputed facts, the Act violates Plaintiffs' First Amendment rights and summary judgment is appropriate as a matter of law.

Accordingly, based on the undisputed facts, the Plaintiffs respectfully ask this Court to grant summary judgment in the Plaintiffs' favor on all counts and to enter the following relief: (1) a permanent injunction, restraining Defendants, their employees, agents and successors in office from enforcing the Act; (2) a judgment declaring that the Act is unconstitutional under the First Amendment to the United States Constitution; and (3) a judgment awarding Plaintiffs their reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

*/s/ Stella Yarbrough*
Stella Yarbrough (No. 33637)
Thomas H. Castelli (No. 24849)
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org
syarbrough@aclu-tn.org

Rose Saxe*
Emerson Sykes*
Malita Picasso*
American Civil Liberties
Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004
Tel: (212) 549-2500
rsaxe@aclu.org
esykes@aclu.org
mpicasso@aclu.org

*Attorneys for Plaintiffs*

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2022, a true and correct copy of the foregoing report was served on the Tennessee Attorney General's Office, counsel for all Defendants, via the Court's ECF/CM system.

    Alexander S. Rieger
    Rainey A. Lankford
    Office of the Attorney General and Reporter
    P.O. Box 20207
    Nashville, Tennessee 37202-0207
    Alex.rieger@ag.tn.gov
    Rainey.lankford@ag.tn.gov

    *Attorneys for Defendants*

    */s/ Stella Yarbrough*
    Stella Yarbrough