IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BONGO PRODUCTIONS, LLC, and ROBERT BERNSTEIN, <br><br>　　　Plaintiffs, <br><br>v. <br><br>CARTER LAWRENCE, Tennessee State Fire Marshal, in his official capacity, et al., <br><br>　　　Defendants. | Civ. Action <br> Case No. 3:21-cv-00490 <br> Judge Trauger |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

This Court has previously recognized the constitutional harms that H.B. 1182 ("the Act") would cause if allowed to go into effect. Following discovery and expert testimony, Defendants repeat their arguments about standing and ripeness and argue once more that the notice mandated by the Act is merely factual. These arguments are without merit. Plaintiffs are harmed by the Act's requirement that they post a sign that is inaccurate, misleading, and that they and others find offensive. And Plaintiffs do not need to face criminal prosecution before this Court can adjudicate their constitutional claims.

**I.　　Plaintiffs have alleged a concrete injury and therefore have standing to challenge the Act, and their claims are ripe.**

The State argues once again that Plaintiffs lack standing because "they do not allege that the Defendants have actually enforced or will enforce any provisions of the Act against them." Defs.' Opp. to Pls.' Mot. for Summ. J. at 5, ECF No. 39. But standing "analysis must begin with the recognition that, where threatened action by *government* is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat—

1

for example, the constitutionality of a law threatened to be enforced." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 128–29 (2007) (emphasis in original); *see also Fieger v. Michigan S. Ct.*, 553 F.3d 955 (6th Cir. 2009), *as amended* (6th Cir. Jun. 20, 2009).

While "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm," *Laird v. Tatum*, 408 U.S. 1, 13–14 (1972), the harm alleged here is an objective mandate that Plaintiffs post an offensive and alarming warning notice outside their restroom doors. Defendants cannot create a dispute as to enforcement with respect to a law that applies on its face to Plaintiffs and with which Plaintiffs object to complying.[1] For the same reasons, Plaintiffs need not await a notice of noncompliance and prosecution to present a controversy that is ripe for this Court's resolution. *See Nat'l Rifle Ass'n v. Magaw*, 132 F.3d 272, 284–85 (6th Cir. 1997).

## II. The Act compels Plaintiffs and others like them to display inaccurate and controversial government-mandated speech.

Defendants concede that strict scrutiny applies to government-mandated speech that is inaccurate or controversial. Defs.' Opp. to Pls.' Mot. for Summ. J. at 10; *cf. Nat'l Inst. of Fam. Life Advocs. v. Becerra,* 138 S. Ct. 2361, 2371 (2018). As this Court previously found, the warning notice mandated by the Act is both. Mem. Op. at 20–24, ECF No. 22.

Plaintiffs do not disagree that the term "biological sex" may at times be used in a neutral context. The fact that there is some evidence of this term used in medical journals or judicial

---

[1] *McKay v. Federspiel*, 823 F.3d 862 (6th Cir. 2016), is easily distinguishable. In *McKay*, the plaintiff had not alleged that he had attempted to or even *intended* to engage in conduct that would have been prohibited by the law he sought to challenge. By contrast here, Defendants do not deny that Plaintiffs Bongo and Bernstein are presently violating the Act. *See* Ferguson Dep. at 55:17–56:13, 60:9–65:8, 95:7–99:5, Picasso Decl. Exh. 8, ECF No. 37-9. The case is thus fundamentally different from cases like *McKay* involving subjective chill.

2

opinions to discuss certain elements of sex in a context that is plainly not about excluding or targeting transgender people does not remedy the problems with H.B. 1182. And this Court need not resolve or even consider Defendants' unsupported assertion that there is no connection between "sex" and "gender identity." Defs.' Opp. to Pls.' Mot. for Summ. J. at 14. Defendants' effort to create a dispute of fact on this point is irrelevant, because the Act's mandate of an alarming warning notice outside a restroom door as a characterization of a business's own policy is not objectively neutral. As the legislative history makes plain, the Act targets policies allowing transgender people to use the appropriate restroom and requires Plaintiffs to characterize their own restroom policies in the General Assembly's preferred terms. The General Assembly, the public, Plaintiffs, Defendants, and this Court properly understand it as such.

Defendants' additional suggestion that there is no constitutional issue because "Plaintiffs need only post the required signage if they *agree* with the language set forth by the Act" is similarly misguided. *Id.* at 15 (emphasis in original). Plaintiffs object to the language of the Act, and Defendants' own witness agreed that an entity—like Bongo—that permitted transgender people to use the restrooms that align with their gender identity but refused to post the Act's mandated notice, would be in violation of the Act. Ferguson Dep. at 60:9–65:8, Picasso Decl. Exh. 8, ECF No. 37-9. Enforcement of the Act does not depend on whether a business owner agrees with or endorses the specific terminology used. Where, as here, the government mandates that individual business owners and their establishments post a deliberately alarming notice in specific words and font/colors to characterize their restroom policies, it requires them to declare that allowing transgender people to use the appropriate restroom requires a warning. Plaintiffs object to that message and cannot be compelled to communicate it as their own.

3

**III. The Act fails any level of constitutional review because it does not advance any legitimate or compelling state interest.**

Finally, Defendants argue that the Act advances the State's interest "in ensuring that patrons are informed of the bathroom-use policy at businesses they frequent—especially when the bathroom usage policy differs in practice from the existing bathroom signage used by business owners." Defs.' Opp. to Pls.' Mot. for Summ. J. at 16. But sex designations on restrooms in Tennessee or elsewhere in the country do not designate a bathroom as available to persons of "a specific biological sex." *Id.* at 16–17. Instead, where restrooms have sex designations, they use the terms "man" or "woman"; policies like Plaintiffs' that treat transgender men as men, and transgender women as women, are in no way inconsistent with traditional bathroom signage. Whatever interest the state might have in ensuring that the public understands a business's restroom policy is simply not served by the Act.

## CONCLUSION

This Court has already preliminarily enjoined operation of the Act, recognizing the harm that it would cause Plaintiffs and countless others throughout the state of Tennessee. Plaintiffs request that this Court grant their motion for summary judgment and permanently enjoin operation of the Act.

Respectfully submitted,

*/s/ Stella Yarbrough*
Stella Yarbrough (No. 33637)
American Civil Liberties
  Union Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Tel: (615) 320-7142
syarbrough@aclu-tn.org

*Counsel continued on next page.*

Rose Saxe*
Emerson Sykes*
Malita Picasso*
American Civil Liberties
  Union Foundation
125 Broad Street, 17th Floor
New York, NY 10004
Tel: (212) 549-2500
rsaxe@aclu.org
esykes@aclu.org
mpicasso@aclu.org

*Attorneys for Plaintiffs*

* Admitted *pro hac vice*

**CERTFICATE OF SERVICE**

I HEREBY CERTIFY that on March 11, 2022, a true and correct copy of the foregoing Plaintiffs' Reply in Support of Motion for Summary Judgment was served on the Tennessee Attorney General's Office, counsel for all Defendants, by the Court's ECF/CM system.

Alexander S. Rieger
Rainey A. Lankford
Office of the Attorney General and Reporter
Nashville, Tennessee 37202-0207
alex.rieger@ag.tn.gov
rainey.lankford.ag.tn.gov

*/s/ Stella Yarbrough*
Stella Yarbrough